# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JACQUELINE A. STOBAUGH                                     PLAINTIFF

v.                      No. 4:12-CV-535-DPM

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                             DEFENDANT

## ORDER

Stobaugh last worked regularly as a convenience store clerk. Two months after she was fired, Stobaugh applied for disability benefits based on major depressive disorder, anxiety, agoraphobia, and post traumatic stress disorder. The Commissioner's ALJ identified mood disorders as severe impairments, and determined Stobaugh can work on simple, routine, repetitive tasks, with incidental contact with co-workers and no contact with the public. Because a vocational expert identified available work, the ALJ determined Stobaugh is not disabled and denied the application. Stobaugh appeals. The Court must decide whether, after considering supporting and contrary evidence, substantial evidence supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Stobaugh raises many issues. Her arguments, though, provide no basis for relief.

    1. The ALJ did not err by denying Stobaugh's request for a second

mental examination. An ALJ has a duty to fairly and fully develop the record as to the matters at issue. *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974). The ALJ fulfilled that duty by obtaining Stobaugh's treatment records, ordering a mental diagnostic evaluation, and asking for expert opinions about Stobaugh's ability to work. Although the psychological examiner did not review Stobaugh's mental health treatment notes, the notes do not advance her claim. They show inconsistent reports, which cast doubt on Stobaugh's credibility. For example, Stobaugh told the psychological examiner that she experienced sleep disturbance and nightmares; but she told her therapist that psychotropic medications helped her sleep; and she denied nightmares. A second examination was unnecessary because the ALJ had enough evidence to determine whether Stobaugh was disabled. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

**2.** The ALJ's failure to discuss the severity of personality disorder provides no basis for relief because Stobaugh met her burden to show a severe impairment and her case proceeded to the next step of the disability-determination process. *Bowen v. Yuckert*, 482 U.S. 137, 156-57 (1987) (O'Connor, J., concurring). Even if the ALJ should have discussed personality

disorder, no reversible error occurred because he considered all of the medical evidence and all of Stobaugh's impairments.

**3.** Stobaugh's argument about meeting a listed impairment fails because she does not meet all of a listing's specified criteria. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Nothing in Stobaugh's treatment records or the mental diagnostic evaluation reflects marked difficulties in activities of daily living, social functioning, or concentration, persistence, or pace. There is no evidence of decompensation. According to her treating psychiatrist, Stobaugh does reasonably well on her medication.

**4.** Stobaugh's challenge to the ALJ's determination about her ability to work fails. A reasonable mind would accept the evidence as adequate to show Stobaugh can work within the defined parameters. Stobaugh does reasonably well with her psychotropic medications; her treating psychiatrist concluded that most of Stobaugh's difficulties flowed from financial stress and her living situation. The psychological examiner observed no specific limitations with concentration, persistence, or completing work-like tasks. The examiner concluded that, although "reported" difficulty with social interaction could interfere with work to some degree, Stobaugh can cope with

the mental demands of work. In response, the ALJ limited work with co-workers and the public. To the extent Stobaugh maintains she cannot interact appropriately with supervisors, the record points the other way. Stobaugh told her psychiatrist that she lost many jobs "mainly for simply deciding to quit or just not show up." A reasonable mind would view these circumstances as a matter of motivation, not troubled interactions with supervisors.

5. The ALJ's lack of discussion about obesity or degenerative disc disease provides no basis for remand because no evidence shows those conditions impair the ability to work. Stobaugh mentioned some physical complaints in her agency papers, but the focus of her claim has always been mental impairment.

6. The use of the vocational expert's unsworn answers to written interrogatories does not undermine the ALJ's conclusion. An ALJ may rely on responses to written interrogatories so long as the claimant receives due process. *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990). Stobaugh did. The ALJ gave her a ten-day period to consider the expert's responses, and committed to holding a supplemental hearing so Stobaugh could cross

examine the expert at Stobaugh's choice. She never asked for the follow-up hearing. The ALJ's procedures in this case comported with due process. Moreover, though not under oath, the vocational expert promised to tell the truth.

\* \* \*

The ALJ made no error of law. Substantial evidence supports the decision denying benefits. The Court affirms.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

19 November 2013